UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 22-113-DLB

REGINALD MYERS                                                                                  PETITIONER

v.                          **MEMORANDUM OPINION AND ORDER**

MR. LEMASTER, WARDEN                                                                  RESPONDENT

*** *** *** ***

Earlier this month, federal inmate Reginald Myers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Myers complained that the warden would not allow a "helper" to bring food trays from the dining hall to his cell, a prohibition that he contended constituted cruel and unusual punishment in violation of the Eighth Amendment. *Myers v. LeMaster*, No. 0: 22-CV-108-GFVT (E.D. Ky. 2022) (Doc. # 1 therein). The Court dismissed the petition without prejudice. It did so because Myers did not pay the filing fee or seek *pauper* status, did not use the Court's required petition form, and asserted conditions of confinement claims which must be pursued in a civil rights action. The Court sent Myers all of the forms necessary to properly assert his claims if he chose to do so. *See* (Doc. # 4 therein).

This case represents Myers' second effort, but it too must be denied, this time with prejudice. Myers has submitted the Court's approved form petition for a writ of habeas corpus, but he omitted pages four and six. Notably, these are the pages which direct him to explain his efforts to exhaust his administrative remedies as required by federal law.

1

*See* (Doc. # 1).  And despite the Court's clear direction to do so, Myers has again failed to pay the required filing fee or file a motion to proceed *in forma pauperis*.

More fundamentally, Myers' claim is not cognizable in habeas corpus.  Myers alleges that he is "disabled, blind, and handicap" and needs assistance getting his meals from the dining hall.  But, he contends, the warden is forcing him to eat in the dining hall "knowing the lighting inside the dining hall pains me and blinds me to the point where I would need someone to feed me."  (Doc. # 1 at 5).[1]  Myers also contends without elucidation that the warden is retaliating against him for his prior complaints about being compelled to eat in the dining hall like the other inmates.  *See id*. at 9.

But fatal to Myers' attempt to pursue this claim in a habeas corpus petition is his assertion that the situation can be remedied by allowing him to eat his meals in his assigned unit.  *See* (Doc. # 1 at 5).  A prisoner challenging the conditions of his confinement must file suit under the civil rights laws; he may not seek relief by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973); *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004).  It is true, as the Court previously advised Myers, that where a prisoner alleges that there is *no set of circumstances* under which his continued confinement can satisfy constitutional minimums, leaving release from incarceration as the only viable remedy, he may seek habeas corpus relief. *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020).  But Myers makes no such contention here. Indeed, he expressly identifies such a remedy: being allowed to eat his meals in his unit.

---

[1] Myers does not attempt to reconcile his statement that he is blind with his allegation that bright lights in the dining hall blind him, let alone the fact that he has in recent years filed numerous written habeas corpus petitions and civil complaints in this Court.  Nor does Myers explain how the warden's offer to give him shaded glasses somehow "makes the situation worse." *See id*.

Because Myers must assert his claims in a civil rights action, the Court will deny his habeas corpus petition so that he may pursue relief using the correct mechanism. The Court will send Myers the forms necessary to file a civil rights complaint should he wish to pursue his claims in that manner.

Accordingly, it is **ORDERED** as follows:

(1) Myers' petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

(2) This matter is **STRICKEN** from the docket.

(3) The Clerk of the Court shall **SEND** Myers the following forms **in blank**:

 a. a Civil Rights Complaint [EDKY Form 520];

 b. an Application to Proceed in District Court Without Prepaying Fees or Costs [AO Form 240]; and

 c. a Certificate of Inmate Account Form [EDKY Form 523].

This 17th day of January, 2023.

Signed By:
_David L. Bunning_ DB
United States District Judge

L:\DATA\ORDERS\PSO Orders\0-22-113 Meyers  Memorandum.docx